RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/12/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EUGENE MUGWIZA SEKIMONYO,[1]<br>Petitioner | CIVIL ACTION<br>NO. 1:13-CV-00210 |
| VERSUS | |
| JANET NAPOLITANO, et al.,<br>Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Eugene Mugwiza Sekimonyo ("Sekimonyo") on January 23, 2013. Sekimonyo, a native and citizen of the Democratic Republic of Congo, alleges that he has been detained by the Bureau of Immigration and Customs Enforcement ("ICE"), Department of Homeland Security, since January 24, 2012, pending removal from the United States pursuant to a final order of removal on 27, 2012 (Doc. 8, Ex. 11). Sekimonyo asks for release pending removal pursuant to the Supreme Court's opinion in Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001). Sekimonyo contends that he has cooperated fully with ICE efforts to remove him, but that ICE has been unable to procure his travel documents from the Congo and there is no significant likelihood that he will be removed in the reasonably foreseeable future.

---

[1] Sekimonyo's name is misspelled as "Sekimono" on the docket sheet.

In <u>Zadvydas</u>, 533 U.S. at 701, 121 S.Ct. at 2505, the court concluded that pre-removal detention up to six months was presumptively reasonable, and explained the burdens of proof thereafter as follows:

> "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Respondents show in their response (Doc. 8) and certified records (Doc. 8, Exs.) that travel documents had previously been obtained and travel arrangements had been made, but Sekimonyo refused to board his flight to the Congo on July 5, 2012 (Doc. 8, Exs. 20). Respondents further contend in their response that ICE recently secured new travel documents for Sekimonyo and his removal is anticipated in the very near future (Doc. 8). Respondents also show that Sekimonyo has had custody reviews (Doc. 8, Exs. 12-13).

Since the Respondents have shown there is a significant likelihood that Sekimonyo's removal will take place in the reasonably foreseeable future, Sekimonyo is not entitled to release pending removal at this time. Contrast, <u>Clark</u>, 125 S.Ct. at 727. Therefore, Sekimonyo's habeas application should be denied.

2

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Sekimonyo's Section 2241 application for habeas relief be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 10 day of April 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE